**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN KARL MOONEY,

Plaintiff,

v.

LOUIS ALEXANDER BOLI, a/k/a MICHAEL BOLI, BOLI & CASPARI, VICTORIA B. HENLEY, AND DOES 1-10,

Defendants.
_______________________________/

No. C 06-7875 SI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Defendants Louis Alexander Boli, a/k/a Michael Boli, and Victoria B. Henley separately move the Court to dismiss plaintiff Shawn Karl Mooney's *pro se* complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are suitable for resolution without oral argument and has VACATED the March 9, 2007 hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the complaint, and GRANTS leave to amend Count I.

**BACKGROUND**

This action is related to a prior state court malpractice action brought by plaintiff Shawn Karl Mooney against defendant Boli & Caspari, a law firm, and non-defendant William Caspari, a partner in that law firm. Compl. ¶ 7. In the prior case, Mooney prevailed in the trial court and a judgment in the amount of $1,496,547.48 was entered in his favor on August 20, 2004. *Id.* On April 13, 2006, the California Court of Appeal reversed the judgment, holding that a previous malpractice action should be given collateral estoppel effect and that the previous action barred plaintiff's recovery. *Id.* at ¶ 8-9; *Mooney v. Caspari et al.*, 138 Cal. App. 4th 704 (Cal. Ct. App. 2006)). Justice Swager authored the

opinion, in which Justices Marchiano and Stein concurred. *Id.*

Plaintiff unsuccessfully sought rehearing of the appellate decision. *Id.* at ¶¶ 11-12. Plaintiff filed a petition for review with the California Supreme Court; the Court denied the petition on July 12, 2006. *See* Defendant Boli's Request for Judicial Notice, Ex. 8.[1]

Plaintiff filed this action on December 26, 2006 against Boli & Caspari; Louis Alexander Boli, a partner in Boli & Caspari; and Victoria Henley, whom plaintiff alleges is married to defendant Boli and is the director and chief counsel of the California Commission on Judicial Performance. Compl. ¶¶ 15-16. Plaintiff alleges that Henley worked in the same building as Justice Swager, and that she oversaw the intake and investigation of complaints against judges, including Justice Swager. *Id.* at ¶ 16. Plaintiff further alleges,

> Based upon information and belief, Victoria B. Henley communicated, directly or indirectly through others, to Justice Swager that her husband was the "Boli" in the *Mooney v. Boli & Caspari* case, and she did so using language intended to persuade Justice Swager to support a reversal, and Justice Swager understood her purpose and agreed to support a reversal. The precise language used is peculiarly within the knowledge of Victoria B. Henley and Justice Swager.

*Id.* at ¶ 17. Plaintiff also alleges that at the time Justice Swager wrote that plaintiff "intimately and vigorously participated" in the earlier malpractice case, "he knew that no such evidence existed, including no evidence that Mooney participated in the critical summary judgment proceedings in that case that were given collateral estoppel effect in Mooney's case." *Id.* at ¶ 18.

Plaintiff alleges the following causes of action: (1) conspiracy by all defendants to deprive plaintiff of due process rights under 42 U.S.C. §§ 1983 and 1985; (2) conspiracy by all defendants to convert property; (3) against defendant Henley, conversion of property; and (4) against defendant Henley, tortious interference with prospective economic advantage

Defendants Boli and Henley have separately moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Boli & Caspari has not filed a responsive pleading.

## LEGAL STANDARDS

[1] The Court GRANTS defendant's request for judicial notice of the facts and court records related to *Mooney v. Caspari*, and the earlier malpractice action, *Praxis Development Group, Inc.*, v. *Richman*.

**1. Subject matter jurisdiction**

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Under what is known as the "*Rooker-Feldman*" doctrine, the United States District Court has no authority to review the final determinations of a state court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding district courts may not exercise appellate jurisdiction over state courts). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476. The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir.1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or sua sponte by the court. *Moccio v. Office of Court Administration*, 95 F.3d 195, 198 (2d Cir.1996); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir.1998) "(*Rooker-Feldman* is a jurisdictional doctrine, rather than a res judicata doctrine.").

**2. Failure to state a claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

United States District Court
For the Northern District of California

Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1. Defendant Henley's claim of immunity**

Defendant Henley contends that she is immune from suit under the California Constitution, Article 6, Section 18(b), which provides absolute immunity for Commission on Judicial Performance staff members "for all conduct at any time in the course of their official duties." "The burden of proof in establishing absolute immunity is on the individual asserting it." *Trevino v. Gates*, 23 F.3d 1480, 1482 (9th Cir. 1994).

Here, the Court finds that Henley has not met her burden to establish absolute immunity. Liberally construed, the complaint alleges that Henley improperly used her office to pressure Justice Swager to reverse plaintiff's favorable trial court judgment. These actions do not fall "in the course of [Henley's] official duties." If plaintiff amends the complaint to more specifically state the allegations against Henley, Henley may renew the immunity argument if appropriate.

Henley also contends that because she is a state official, the Eleventh Amendment bars plaintiff's claims. However, Henley is only entitled to Eleventh Amendment immunity if she is sued in her official capacity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Eaglesmith v. Ward*, 73 F.3d 857, 859-60 (9th Cir. 1995). Plaintiff's opposition states that he is suing Henley in her individual capacity.

Henley also argues that she is not a "person" who can be sued under 42 U.S.C. § 1983. However, the Supreme Court has held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." *Hafer*, 502 U.S. at 31. The cases cited by Henley are inapposite because they involve tort liability under California law, not whether an individual can be held liable under § 1983. Accordingly, the Court finds that plaintiff may pursue a claim against Henley.

**2. *Rooker-Feldman* doctrine**

United States District Court
For the Northern District of California

Both defendants move to dismiss the complaint pursuant to the *Rooker-Feldman* doctrine. The Ninth Circuit has provided the following general formulation of the *Rooker-Feldman* doctrine:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel v. Hall*, 341 F.3d 1148,1164 (9th Cir. 2003). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Exxon Mobil*, 544 U.S. 280, 284 (2005) (internal citation omitted).

To determine whether the *Rooker-Feldman* doctrine bars plaintiff's complaint, the Court must determine whether the plaintiff's claims are "inextricably intertwined" with the California Court of Appeal's decision against plaintiff. *See Feldman*, 460 U.S. at 486-87. The Court finds instructive *Kougasian v. TMSL, Inc. et al.*, 359 F.3d 1136 (9th Cir. 2004). In *Kougasian*, the plaintiff first filed and lost a state wrongful death action stemming from a fatal injury sustained by her husband while skiing at defendant's ski resort. *Id*. at 1137. Plaintiff later filed a diversity suit in federal district court[2] in which she alleged a conspiracy between the defendants to obstruct justice and interfere with constitutional rights. *Id.* In particular, the plaintiff claimed that the defendants had filed a false declaration in the state court action which formed the basis for that court's adverse ruling. *Id.* The plaintiff further alleged that the defendants had prevented her from challenging the declaration by filing it at the last minute. *Id.*

The Ninth Circuit held that the *Rooker-Feldman* doctrine did not bar the federal action because "Kougasian does not seek to set aside the judgments of the California courts . . . based on alleged legal errors by those courts. Rather, she seeks to set aside these judgments based on the alleged extrinsic fraud by defendants that produced these judgments." *Id.* at 1140. "She does not assert 'as a legal wrong an allegedly erroneous decision by a state court,' but rather 'an allegedly illegal act or omission by an

---

[2] Prior to filing the diversity suit which was the subject of the appeal in *Kougasian*, the plaintiff filed a second, unsuccessful state court action and another federal action which she voluntarily dismissed. *Id.* at 1137-38.

adverse party.'" *Id.*, *citing Noel*, 341 F.3d at 1161-62.

The Court concludes that, as currently framed, plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. Although plaintiff generally asserts that defendants "conspired" to deprive him of his civil rights, the complaint does not contain any specific factual allegations regarding how defendants allegedly conspired with Justice Swager. Instead, the complaint simply claims "upon information and belief" that Henley "communicated" with Justice Swager "using language intended to persuade Justice Swager to support a reversal, and Justice Swager understood her purpose and agreed to support a reversal." Compl. at ¶ 17. The complaint does not allege when or how this communication took place, nor does plaintiff state the factual basis for this allegation. The complaint does not contain any allegations regarding how defendant Boli participated in the alleged conspiracy.

Instead, the complaint largely challenges the state court finding that plaintiff was in privity with the party in the earlier malpractice action. *See, e.g.*, *id.* at ¶ 10 ("In fact, there was no evidence before Justice Swager that Mooney 'intimately and vigorously participated' in the *Praxis v. Richman* case, including no evidence that Mooney participated in the critical summary judgment proceedings in that case."). Absent any specific allegations regarding the alleged conspiracy, plaintiff's complaint amounts to an impermissible attack on the state court decision, and as such, is barred by the *Rooker-Feldman* doctrine.

The Court will allow plaintiff an opportunity to amend the complaint in an effort to state a claim against defendants. In order to state a claim, plaintiff must allege, with specificity, how defendants conspired with the state court judge to deprive plaintiff of his civil rights. Simply citing to advocacy positions taken by the attorneys, or adverse decisions by the judges, is insufficient. *See Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165-66 (9th Cir.2006); *see also Cottle v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 836-37 (N.D. Cal. 2006) (dismissing complaint on *Rooker-Feldman* grounds where complaint "is devoid of any facts supporting the existence of an agreement between Judge Haden and the Attorney Defendants [to conspire to deprive the plaintiff of his rights], nor do the facts plead reasonably support the inference of an agreement."); *Ricotta v. State of California*, 4 F. Supp. 2d 961, 984-85 (S.D. Cal. 1998).

**3. Failure to state a claim**

In addition to challenging subject matter jurisdiction, defendants assert that plaintiff's claims fail as a matter of law. As discussed above, the Court will grant plaintiff leave to amend the first claim. The Court agrees, however, that plaintiff cannot as a matter of law allege claims for conversion or tortious interference with prospective economic advantage.

**A. Count I: 42 U.S.C. §§ 1983 and 1985**

Count I of the complaint is titled "Conspiracy to Deprive Mooney of Due Process Rights Resulting in Violation of Civil Rights Under 42 U.S.C. § 1983 and § 1985." In addition to the *Rooker-Feldman* issues discussed above, there are several other problems with these claims as pled.

In the first place, plaintiff asserts in the caption of Count I that it is brought "against Louis Alexander Boli, IV a/k/a Michael Boli, Boli & Caspari, Victoria B. Henley, and Does 1-10," but the pleading itself seeks relief only against Victoria Henley and Does 1-10. There are no factual allegations of conduct by defendants Boli or Boli & Caspari. The Court cannot determine who is actually being sued in this claim, and would have to dismiss it for that reason alone.

In the second place, Count I alleges, among other things, that defendants conspired with Justice Swager to deprive plaintiff of his property and due process rights under the California Constitution. *See* Compl. ¶ 23. However, 42 U.S.C. § 1983 provides the statutory authorization to redress violations only of *federal* civil rights, not state-based rights. *See* 42 U.S.C. § 1983; *Beardslee v. Woodford*, 395 F.3d 1064, 1068 (9th Cir. 2005) (discussing elements of § 1983 claim).

More broadly, plaintiff has not alleged the necessary elements of a § 1983 claim against either Ms. Henley or the other defendants in this action. A plaintiff asserting a claim under 42 U.S.C. § 1983 must show that (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987). Plaintiff has sued defendant Henley in her individual capacity; indeed, she would be able to assert immunity if plaintiff sued for actions taken in the course of her official duties. Thus it is unclear what, if any, state action ("acting under color of state law") plaintiff is asserting against Henley. The problem is even more acute with respect to defendants Boli and Boli & Casapri, assuming plaintiff meant to sue them in this claim, since neither is in any way a state actor.

A Section 1983 action may lie against private parties if they are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). If plaintiff intends to pursue this claim against any defendant, the amended complaint must specify whether the defendant is a state actor or private party, and, for the private parties, plaintiff must allege *specific* facts showing that the private parties were "willful participants in joint action with the State or its agents." *Id.*; *see also generally id.* at 27-29 (discussing private party liability under § 1983).

Finally, plaintiff's complaint references 42 U.S.C. § 1985, but does not allege any facts supporting such a claim. If plaintiff intends to allege a claim under § 1985, plaintiff must allege, *inter alia*, class-based animus – generally racial – on the part of defendants. *See generally Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993); *see also United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 838 (1983) (Section 1985(3) does not "reach conspiracies motivated by economic or commercial animus.").

Plaintiff is given leave to amend Count I, taking into account both the *Rooker-Feldman* jurisdictional issues and the pleading requirements for 42 U.S.C. §§ 1983 and/or 1985. **Any amended complaint must be filed on or before March 26, 2007.**

### B. Counts II and III: Conspiracy to convert and conversion of property

Plaintiff's second and third claims allege defendants conspired to convert and did convert his property, namely the damages awarded by the state trial court. In order to establish a conversion claim, plaintiff must allege "an actual interference with his ownership or right of possession." *AmerUS Life Ins. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 641 (Cal. Ct. App. 2006), *citing Moore v. Regents of University of California*, 51 Cal.3d 120, 136 (1990). Plaintiff alleges that appellate reversal of the judgment amounted to conversion. *See* Compl. ¶ 28. However, plaintiff did not possess the jury award during the appeal, and his right of possession did not vest until either the appeals process was completed, or until the time for filing an appeal had passed. *See generally* Cal. Rule of Court 8.264(b) (discussing finality of decision in California Court of Appeal). Therefore, an appeal that overturns a trial court verdict can not constitute conversion, and plaintiff fails to state a claim for conversion.

In addition, plaintiff's conspiracy claim fails because allegations of civil conspiracy do not give

rise to a cause of action unless an independent civil wrong has been committed. *Rusheen v. Cohen*, 37 Cal.4th 1048, 1062 (2006).

Accordingly, the Court GRANTS defendants' motions to dismiss Claims II and III without leave to amend.

**C. Count IV: Alleged tortious interference with prospective economic advantage**

"To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege elements such as an economic relationship with the probability of future economic benefit." *Hoffman-La Roche, Inc. v. Promega Corp.*, 319 F. Supp. 2nd 1011, 1029 (N.D. Cal. 2004); *see also Los Angeles Land Co. v. Brunswick Corp.*, 6 F.3d 1422, 1429 (9th Cir. 1993) (in order to succeed at trial, plaintiff must prove (1) economic relationship with probable future benefit to plaintiff; (2) knowledge by defendant of existence of relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to plaintiff proximately caused by defendant's interference). The claim is usually brought pursuant to contractual or business dealings, usually involving the plaintiff and a third party.

Here, plaintiff alleges that defendant Henley tortiously interfered with the economic relationship between plaintiff and non-defendant William Caspari and defendant Boli & Caspari. Although plaintiff does not state the nature of the economic relationship, the Court reads the complaint to state that the economic relationship is based on the jury verdict in plaintiff's favor. However, a jury verdict awarding damages does not create an economic relationship between parties. Therefore, plaintiff does not allege an economic relationship sufficient to sustain the tortious interference claim. The Court GRANTS defendant Henley's motion to dismiss Claim IV of plaintiff's complaint, without leave to amend.

///

United States District Court
For the Northern District of California

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss [3][4]. Counts II, III and IV are dismissed without leave to amend. Count I is dismissed with leave to amend; **any amended complaint must be filed on or before March 26, 2007.**

**IT IS SO ORDERED.**

Dated: March 13, 2007

SUSAN ILLSTON
United States District Judge