IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KARL MOONEY, | No. C 06-7875 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| LOUIS ALEXANDER BOLI, a/k/a MICHAEL BOLI, BOLI & CASPARI, VICTORIA B. HENLEY, AND DOES 1-10, | |
| Defendants. / | |

Defendants Louis Alexander Boli, a/k/a Michael Boli, and Victoria B. Henley separately move to dismiss plaintiff Shawn Karl Mooney's *pro se* first amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are suitable for resolution without oral argument and VACATES the May 25, 2007 hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the first amended complaint without leave to amend.

**LEGAL STANDARD**

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Under what is known as the "*Rooker-Feldman*" doctrine, the United States District Court has no authority to review the final determinations of a state court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding district courts may not exercise appellate jurisdiction over state courts). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257;

*Feldman*, 460 U.S. at 476. The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or *sua sponte* by the Court. *Moccio v. Office of Court Administration*, 95 F.3d 195, 198 (2d Cir. 1996); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) ("*Rooker-Feldman* is a jurisdictional doctrine, rather than a res judicata doctrine.").

## DISCUSSION

The Court incorporates the factual background set forth in the March 13, 2007 Order Granting Defendants' Motions to Dismiss with Leave to Amend. In that order, the Court found that this case, "*Mooney II*," was barred by the *Rooker-Feldman* doctrine because the federal complaint largely challenged a state court's reversal of a judgment in plaintiff's favor in *Mooney v. Caspari et al.*, (Alameda Sup. Ct. No. 835676-1) ("*Mooney I*"); in *Mooney I*, the California Court of Appeal reversed the judgment on the ground that *Mooney I* was barred by a judgment in an earlier malpractice action, *Praxis v. Richman*, because plaintiff was in privity with one of the parties in the *Praxis* case.

This Court dismissed plaintiff's federal action because the complaint did not contain any specific facts regarding an alleged conspiracy between defendants and Justice Swager, the author of the state court decision reversing *Mooney I*. The Court instructed plaintiff that if he wished to amend the 42 U.S.C. § 1983 claim, he must "allege, with specificity, how defendants conspired with the state court judge to deprive plaintiff of his civil rights." Order at 6. The Court also instructed plaintiff that if he wished to pursue a § 1983 claim against defendants in their capacities as private parties, he "must allege *specific* facts showing that the private parties were 'willful participants in joint action with the State or its agents.'" *Id.* at 8 (*quoting Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Plaintiff filed an amended complaint on March 26, 2007, alleging a single claim under § 1983 against defendants. The amended complaint differs only slightly from the original complaint; plaintiff has added the following factual allegations: (1) in 1992 defendant Henley co-authored a book titled "Making a Summary Judgment Motion" with Justice Lambden; Justice Lambden authored the *Praxis*

2

*v. Richman* malpractice decision; (2) in 2001, Judge Legge conducted some type of investigation regarding defendant Henley and reported to the California Supreme Court that "Ms. Henley's work on the Gray cases described above did present an appearance of impropriety"[1]; and (3) defendant Boli's lawyer wrote a letter in October 2003 which stated that Boli had been financially harmed as a result of *Mooney I*. First Amended Complaint ¶ 16. The amended complaint also alleges,

> Based upon information and belief, sometime between January 1, 2005 and April 13, 2006, Victoria B. Henley, as a private party, either directly communicated to Justice Swager, a state actor, or indirectly communicated through Justice Lambden, that her husband was the "Boli" in the *Mooney v. Boli & Caspari* case, and she requested that Justice Swager support a reversal, and Justice Swager agreed to support a reversal. The precise language used is within the peculiar knowledge of Victoria B. Henley, Justice Swager and/or Justice Lambden.
>
> Justice Swager fabricated evidence, and then told his fellow Justices that such evidence existed in the record of the three week jury trial, for the purpose of attempting to justify reversal of the *Mooney v. Boli & Caspari* judgment. Specifically, he falsely claimed and wrote that Mooney vigorously participated in the *Praxis v. Richman* case *Mooney v. Boli & Caspari* [sic], when he knew that no such evidence existed, and including no evidence that Mooney participated in the critical summary judgment proceedings that resulted in a summary judgment, which Justice Swager then gave collateral estoppel effect to in order to support reversal of Mooney's final judgment.
>
> The Court of Appeal should have, and was likely to, affirm the final judgment in *Mooney v. Boli & Caspari*, but for the fabricated evidence.

*Id.* ¶¶ 17-19.

The Court finds that plaintiff has failed to cure the deficiencies identified in the Court's March 13, 2007 order, and that the complaint remains barred by the *Rooker-Feldman* doctrine. This federal case is a *de facto* appeal of the adverse state court decision. Plaintiff challenges the California Court of Appeal's decision that plaintiff's state court malpractice action was barred by the judgment in *Praxis v. Richman*. Plaintiff sought rehearing of the Court of Appeal's decision, and unsuccessfully sought review with the California Supreme Court, arguing that the Court of Appeal was mistaken in its application of collateral estoppel, and that there was no "evidence" that plaintiff was in privity with the party in *Praxis v. Richman*.

Plaintiff cannot avoid the *Rooker-Feldman* doctrine by framing his challenge as a constitutional

---

[1] The Court does not have any information about this investigation, or the *Gray* cases referenced in the complaint. However, defendants assert – and plaintiff does not contend otherwise – that the investigation was completely unrelated to plaintiff's various lawsuits, and that as a result of the investigation, defendant Henley was "completely exonerated." Henley's Reply at 2.

3

one. As the Ninth Circuit has stated,

> The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is "inextricably intertwined" with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principle. Thus, *Rooker-Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) (internal citation omitted). Here, plaintiff alleges an injury based on the state court judgment: the reversal of the trial court's monetary judgment in his favor. In order for the Court to entertain plaintiff's challenge and grant relief, the Court would be required to review and invalidate the state court decision, an exercise precluded by the *Rooker-Feldman* doctrine.

Plaintiff also cannot escape the *Rooker-Feldman* doctrine by making vague allegations regarding "fabricated evidence." The Court notes that this claim – that there was no evidence in the record to support the California Court of Appeal's determination that *Mooney I* was barred by the *Praxis* judgment – was presented to the California Court of Appeal when plaintiff sought rehearing, and to the California Supreme Court. Plaintiff's amended complaint does not allege any specific facts regarding how defendants conspired and acted jointly with state actors to deprive plaintiff of his federal civil rights. Plaintiff's general allegation "based on information and belief," that sometime during a year and a half period defendant Henley – or Justice Lambden – somehow communicated with Justice Swager regarding "fabricating evidence" is insufficient. *See Cottle v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 836-37 (N.D. Cal. 2006) (dismissing complaint on *Rooker-Feldman* grounds where complaint "is devoid of any facts supporting the existence of an agreement between Judge Haden and the Attorney Defendants [to conspire to deprive the plaintiff of his rights], nor do the facts plead reasonably support the inference of an agreement."); *Ricotta v. State of California*, 4 F. Supp. 2d 961, 984-85 (S.D. Cal. 1998).

Because the Court has already given plaintiff an opportunity to cure the defects noted above, the Court finds that further amendment would be futile, and accordingly DISMISSES the complaint WITHOUT LEAVE TO AMEND. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss. (Docket Nos. 25 & 26).

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge